John RAUCH, et al.

v.

**UNITED INSTRUMENTS, INC and Tokyo Aircraft Instrument Company.**

Civ. A. No. 75–61.

United States District Court,
E. D. Pennsylvania.

Sept. 11, 1975.

Arthur Alan Wolk, Philadelphia, Pa., for plaintiffs.

George P. Williams, III, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This action is the result of the manufacture and distribution by defendants of allegedly defective aircraft altimeters. The complaint contains in its three counts allegations of breach of warranty, strict liability in tort, negligence and violation of the Federal Aviation Act of 1958, 49 U.S.C.A. § 1301 *et seq.*, and regulations promulgated thereunder. The named plaintiffs claim

that they and the other members of the proposed class, which is composed of all those who own either the altimeters in question or aircraft equipped with the altimeters, each suffered approximately $75.00 in damages as a result of defendants' actions and that they are, accordingly, entitled to compensatory relief from defendants.[1] Presently before the Court is plaintiffs' motion for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a).[2] The amended complaint will add to the above-mentioned allegations a count charging defendants with common law fraud. It will ask for punitive as well as compensatory damages.

■ Although a district court is required to allow amendments to pleadings freely "when justice so requires," it is clear that the court retains wide discretion over the granting of leave to amend. *Wolff v. Calla*, 288 F.Supp. 891, 894 (E.D.Pa. 1968). Defendants' opposition to the motion under consideration focuses on the legal sufficiency of the proposed amendment. It is defendants'

contention that this Court will lack jurisdiction over the subject matter of the proposed amended complaint. Additionally, defendants argue that the proposed amendment is simply an attempt to enlarge federal jurisdiction and, as such, is beyond the scope of an appropriate amendment under Fed.R.Civ.P. 15.

■ In order to avoid engaging in a useless act, a court must measure a proposed amended complaint in terms of its ability to withstand a motion to dismiss. Therefore, we will first examine the legal sufficiency of the presently proposed amendment in that light. *Hodnik v. Baltimore & Ohio Railroad*, 54 F.R.D. 184 (W.D.Pa. 1972).

■ Both the original complaint and the proposed amended complaint invoke the jurisdiction of this Court under 28 U.S.C. § 1337,[3] as well as under the general federal question jurisdictional statute, 28 U.S.C. § 1331. Plaintiffs conceded at oral argument that 28 U.S.C. § 1331 will not support jurisdiction here due to the inability of each individual

---

1. The gravamen of plaintiffs' complaint is that, because of defective conditions existing in the balance arm and gear assembly barometric dial drive of certain altimeters manufactured by Tokyo Aircraft Instrument Company and distributed by United Instruments, Inc., the Federal Aviation Administration ("F.A.A.") issued Airworthiness Directive No. 74–24–13. This Airworthiness Directive requires owners of these altimeters to incur the expense of removing, servicing and repairing them, having the altimeter recertified and then reinstalled in their aircraft. The total cost to each affected individual is approximately $75.00.

2. At argument on the motion for leave to file an amended complaint, defendants' counsel made an oral motion to dismiss plaintiffs' original compaint on the same basic ground that he opposed the amended complaint—this Court's lack of jurisdiction over the subject matter. The oral motion was allegedly made in accordance with Fed.R.Civ.P. 7(b)(1), which excuses motions "made during a hearing or trial" from the normal requirements that a motion be in writing, with both the grounds therefor and the relief sought clearly stated. It has been held that an oral argument on a motion previously made is not the Rule 7(b)

"hearing" at which the necessity for reducing motions to writing may be obviated. *Shapiro v. Freeman*, 38 F.R.D. 308, 309 n.1 (S.D. N.Y. 1965) ; *Hammond-Knowlton v. Hartford-Connecticut Trust Co.*, 26 F.Supp. 292, 293 (D.Conn. 1939). However, in light of the fact that this Court's Order of June 20, 1975, requested counsel to present argument not only on the propriety of permitting the complaint to be amended, but also on the issue of whether the original complaint would necessarily have to be dismissed if leave to amend was denied, we do not believe that the oral motion was so unrelated in substance or lacking in adequate notice that it would be improper for us to entertain it. Accordingly, this opinion will address itself both to plaintiffs' motion for leave to amend the complaint and to defendants' motion to dismiss the complaint. The Court will not rule at this time on plaintiffs' motion for a class action determination.

3. 28 U.S.C. § 1337 provides:
 The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monoplies.

class member's claim to satisfy that statute's $10,000 jurisdictional amount requirement. Each member of the proposed class has an individual claim of only $75, and the rule is clear that it is not permissible to aggregate the claims of the individual class members in order to satisfy the requirement of 28 U.S.C. § 1331(a). *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed. 2d 511 (1973); *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

■ Jurisdiction does exist here, however, by reason of 28 U.S.C. § 1337. That section requires no minimum jurisdictional amount. Since the Federal Aviation Act is a congressional act regulating commerce, there can be no doubt that 28 U.S.C. § 1337 provides a proper jurisdictional basis for this action. *Mortimer v. Delta Air Lines*, 302 F. Supp. 276, 278 (N.D.Ill. 1969). Defendants' argument that this Court lacks subject-matter jurisdiction centers on the contention that no private right of action in favor of plaintiffs may be implied from the Aviation Act. However, "[t]he implication of a civil remedy from the provisions of this Act has been characterized, and properly so, as a question regarding the statement of a claim for which relief can be granted," and not one of subject-matter jurisdiction. *Id.* at 278.

■■ The objection presented by a Rule 12(b)(1) motion is that the court has no authority or competence to hear and decide the case. Subject-matter jurisdiction questions should not be confused with motions under Rule 12(b)(6) to dismiss for failure to state a claim for relief under federal law. 5 *Wright & Miller, Federal Practice and Procedure: Civil* § 1350, at 543 (1969). Plaintiffs' claims under the Federal Aviation Act are neither clearly "immaterial and made solely for the purpose of obtaining jurisdiction" nor "wholly insubstantial and frivolous." Thus, the alleged failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action for which relief can be granted is a question of law and, just as respects an issue of fact, this question must be decided after, and not before, the court has assumed jurisdiction over the controversy. *Bell v. Hood*, 327 U.S. 678, 682–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Since the right of plaintiffs to recover under their complaint, or the amended complaint, will be sustained if the Aviation Act is given one construction and will be defeated if it is given another, this Court has jurisdiction. *See Bell v. Hood, supra* at 685, 66 S.Ct. 773. However, we will treat defendants' objections as going to the issue of whether plaintiffs have stated a claim upon which relief can be granted.

■ The Supreme Court, in its recent opinion in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), set forth a checklist of the relevant factors to be considered when determining whether a private remedy is implicit in a statute not expressly providing one. An examination of these factors as they apply to the instant case leads this Court to conclude that the Federal Aviation Act, and the regulations promulgated thereunder, impose a duty upon defendants and that a violation of this duty creates a cause of action in favor of those injured or damaged as a result.

The first question is whether the statute creates a federal right in favor of plaintiffs or, in other words, whether they are members of the class for whose *especial* benefit the statute was enacted. *Cort v. Ash, supra*, 95 S.Ct. at 2087–2088; *Texas & Pacific Ry. v. Rigsby*, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874 (1916). The House Report on the bill which became the Federal Aviation Act of 1958 contained the following statement: "The principal purpose of this legislation is to establish a new Federal agency with powers adequate to enable it to provide for the *safe* and efficient use of the navigable airspace by both

civil and military operations." H.R. Rep. No. 2360, 85th Cong. 2d Sess. (1958) (emphasis added). In the section headed "Background of Legislation," this same House Report quotes a June 13, 1958, message to Congress from President Eisenhower which stated:

> Recent midair collisions of aircraft, occasioning tragic losses of human life, have emphasized the need for a system of air traffic management which will prevent, within the limits of human ingenuity, a recurrence of such accidents.

> In this message, accordingly, I am recommending to the Congress the establishment of an aviation organization in which would be consolidated among other things all the essential management functions necessary to support the common needs of our civil and military aviation.

The legislative history of the Aviation Act clearly indicates that one of Congress' overriding concerns in enacting the statute was the maximization of safety in the air industry. The direct and intended beneficiaries of that concern are those members of the public who own and/or fly in aircraft.

In their proposed amended complaint, plaintiffs have set forth specifically which of the regulations promulgated by the Federal Aviation Administration they claim were violated by defendants.[4] Each of these regulations was issued pursuant to the authority vested in the Administrator in 49 U.S.C.A. § 1421. Section 1421 is the first section in Subchapter VI of the Act, which is entitled "Safety Regulation of Civil Aeronautics." (Emphasis added.) The emphasis on safety found in the language of Section 1421 and other provisions in the Act is exhaustively demonstrated in Gabel v. Hughes Air Corp., 350 F.Supp. 612, 615–617 (C.D.Cal. 1972). Judge Hall found in Gabel that the requirement of safety "permeates the whole Act," id. at 616, and held that "a violation of a duty imposed by the Act creates a cause of action in favor of one who is injured or damaged by the death of a person resulting from such violation." Id. at 615. The instant case presents the question of whether a cause of action arises from a violation of the Act which results in solely economic injury, rather than death or personal injury. In light of the fact that the purpose of this "pervasive legislative scheme governing the relationship between the plaintiff class and the defendant class," Cort v. Ash, supra, 95 S.Ct. at 2090, is precisely to prevent death or personal injury before it occurs, this Court believes that the Aviation Act does create a federal right in favor of those who own or fly aircraft and suffer economic harm as a direct result of a violation of the Act.

The second factor to be considered is whether there is any indication of legislative intent, explicit or implicit, either to create or deny a private remedy. Id. at 2088. While there is no clear expression of an intent to create a private right of action under this Act, there is certainly no explicit evidence of an intent to deny one. 49 U.S.C.A. § 1487(a), which appears in full in the margin,[5] expressly limits the situations

---

4. The regulations cited by plaintiffs are 14 C.F.R. §§ 21.3(b), 21.95, 21.125(b)(5), (7), 37.3, 37.7, 37.9, 37.17, 37.120, 145.63 (1975). These regulations have the force of law. *Todd v United States*, 384 F.Supp. 1284, 1294 (M.D.Fla. 1975).

5. 49 U.S.C.A. § 1487(a) (1963), *as amended*, (Supp.1975), provides:
 If any person violates any provision of this chapter, or any rule, regulation, requirement, or order thereunder, or any term, condition, or limitation of any certificate or permit issued under this chapter, the Board or Administrator, as the case may be, their duly authorized agents, or, in the case of a violation of section 1514 of this title, the Attorney General, or, in the case of a violation of section 1371(a) of this title, any party in interest, may apply to the district court of the United States, for any district wherein such person carries on his business or wherein the violation occurred, for the enforcement of such provision of

in which various parties may seek *injunctive* relief to enforce the Act. We agree with Judge Troutman's ruling in *Eisman v. Pan American World Airlines,* 336 F.Supp. 543 (E.D.Pa. 1971), that private litigants, except in regard to § 1371(a), are precluded from seeking injunctive relief under the Act. However, private litigants are able to seek an order compelling future compliance with the Act from the Administrator or the Board under 49 U.S.C.A. § 1482(a), and the appropriate administrative agency is authorized to issue such an order by § 1482(c). Such prospective relief does not, in any case, deal in any way with violations which have already taken place.

49 U.S.C.A. § 1471(a) (1963), *as amended,* (Supp. 1975), provides that any person who violates any provision of Subchapter VI of the Act, or any rule, regulation, or order issued thereunder, shall be subject to a civil penalty not to exceed $1,000 for each such violation. It does not state that this shall be the sole relief available for a past violation of the Act. Moreover, 49 U.S.C.A. § 1506, entitled "Remedies not exclusive," states: "Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." While this legislative language is admittedly not a model of clarity, we interpret it as indicating that Congress did not intend the relief specifically provided for in the Aviation Act to close off the possibility of other remedies for a violation of the Act.

We note also that unlike the situation in *Securities Investor Protection Corp. v. Barbour,* 421 U.S. 412, 95 S.Ct. 1733, 44 L.Ed.2d 263 (1975), an implied private right of action here would not be incompatible with the system provided in the statute for enforcement by the proper administrative agency. In that case, the Securities and Exchange Commission was limited by statute to bringing an enforcement action in "the district court of the United States in which the principal office of SIPC is located." 15 U.S.C. § 78ggg(b). The Supreme Court stated: "It would be anomolous [*sic*] for Congress to have centralized SEC suits for the apparent convenience of SIPC while exposing the corporation to substantively identical suits by investors 'in any court, State or Federal.'" *Securities Investor Protection Corp. v. Barbour, supra,* 95 S.Ct. at 1739 n.3.

In contrast, 49 U.S.C.A. § 1473(a) provides that normally "[t]he trial of any offense under this chapter shall be in the district in which such offense is committed." Section 1487(a) states that judicial enforcement by injunctive relief may be sought in any district in which the violator carries on his business or wherein the violation occurred. Granting a private right of action here would not contradict any legislative scheme to limit the geographical defense burden of potential defendants. For these reasons, we think that, at a minimum, it is safe to say that no congressional intent to deny a private remedy is apparent from either the Act itself or its legislative history. What slim evidence of congressional intent there is suggests to this Court that a private right of action for violation of the Aviation Act was within the contemplation of Congress when it enacted the statute.

That conclusion is reinforced by a consideration of the third of the factors outlined in *Cort v. Ash, supra*—namely, is it consistent with the underlying purposes of the legislative scheme to imply a private remedy for the plaintiff?

this chapter, or of such rule, regulation, requirement, order, term, condition, or limitation; and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction or other process, mandatory or otherwise, restraining such person, his officers, agents, employees, and representatives, from further violation of such provision of this chapter, or of such rule, regulation, requirement, order, term, condition, or limitation, and requiring their obedience thereto.

We think it clearly is in the instant case. The Federal Aviation Act sets up standards of conduct that a private action can help to enforce. The consequences that follow a breach of the law are vital and integral to its effect as a regulation of conduct. *Texas & Pacific Ry. v. Rigsby, supra,* 241 U.S. at 41–42, 36 S.Ct. 482. Liability to private suit is or may be as potent a deterrent as liability to public prosecution. *Id.* at 42, 36 S.Ct. 482; *accord, J. I. Case Co. v. Borak,* 377 U.S. 426, 432, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). Particularly where the primary purpose behind a statute is to promote safety and save lives, any method of enforcement which will encourage compliance with its terms should be viewed as consistent with the legislative scheme. Certainly it should not be necessary for the very events to occur which the Act is intended to prevent—namely, death or personal injury —before a private individual may claim a right to enforce the provisions of the statute.

The claim here is very different from that presented in *Eisman v. Pan American World Airlines, supra.* In that case, the plaintiffs challenged student and youth fares, offered by the defendant airlines on international travel, which had been approved as properly filed tariffs by the Civil Aeronautics Board. Holding that there is no private right to recovery of damages by reason of the imposition of unreasonable rates, Judge Troutman stated: "[T]he procedural safeguards provided in the Federal Aviation Act are the plaintiffs' sole defense against unreasonable rates permitted by the C.A.B." *Id.* at 552.

While we agree with the holding in *Eisman,* the factual situation there is clearly distinguishable from the instant case. This Court is not faced with a challenge to conduct which has been specifically approved by an administrative agency primarily responsible for the enforcement of the Act. Rather, plaintiffs here challenge conduct which they contend actively violates regulations pro-mulgated in order to effectuate the purposes of the Act. We think implying a remedy for plaintiffs in this type of situation is consistent with the legislative scheme.

The final factor to be considered in determining whether a private right of action should be implied here is whether the cause of action is one "traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law." *Cort v. Ash, supra,* 95 S.Ct. at 2088. It is true, as defendants point out, that if the allegations of the complaint can be proved, plaintiffs will be able to recover in state court under strict tort liability or negligence theories, or for breach of warranty. However, aviation is not "an area basically the concern of the States," *id.* at 2088, and the Federal Aviation Act provides the primary regulatory scheme for maintaining safety in the industry.

In *Cort v. Ash, supra,* the implication of a federal right of damages would have intruded into an area traditionally committed to state law—regulation of the internal affairs of corporations—without aiding the main purpose of the criminal statute barring corporate campaign contributions there under consideration. 95 S.Ct. at 2091. In that regard, the instant case presents a totally different situation. A private right of action to recover for a violation of the Federal Aviation Act, and the safety regulations promulgated thereunder, will directly aid in accomplishing the primary congressional goal of reducing the possibility of death or personal injury from flying. When the federal government assumes primary responsibility over the standards of conduct in an industry to the extent that it has through the Federal Aviation Act, this Court is hesitant to leave open the congressional intent to the possibility of compromise in state-created causes of action. For these reasons, we feel that plaintiffs have stated a claim upon which relief

**442**

can be granted and that the availability of a private remedy is properly implied from the Federal Aviation Act and Regulations. We also emphasize that our holding in no way abridges or alters those remedies already existing under state law.

Since plaintiffs have stated a valid claim under federal law, the motion to dismiss the original complaint will be denied. The only remaining question is whether, as defendants contend, the proposed amended complaint must be disapproved as an improper attempt to enlarge federal jurisdiction. There has been language in cases suggesting that one qualification to the liberal attitude towards amendments under Fed.R.Civ.P. 15 is that federal jurisdiction may be neither enlarged nor restricted by an amendment. *Falls Industries, Inc. v. Consolidated Chemical Industries, Inc.,* 258 F.2d 277, 285–286 (5th Cir. 1958); *Jenn-Air Products Co. v. Penn Ventilator, Inc.,* 283 F.Supp. 591, 594 (E.D.Pa. 1968). We believe that language to be applicable to situations such as an attempt to interpose an amendment that would deprive a district court of jurisdiction over a removed action, or possibly to attempts to add claims by amendment for which the court would lack personal jurisdiction over the defendant. *See* 6 *Wright & Miller, Federal Practice and Procedure: Civil* §§ 1477, 1478 (1971).

 In the present case, this Court clearly has pendent jurisdiction over plaintiffs' claims for breach of warranty, strict liability in tort and negligence. Considering the substantiality of plaintiffs' federal claims under the Federal Aviation Act, as previously discussed, we think pendent jurisdiction may also properly be exercised over plaintiffs' proposed common law fraud count, as it arises out of a "common nucleus of operative fact" with the other claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This amendment in no way enlarges federal

jurisdiction beyond its proper boundaries, but merely extends its legitimate reach over an additional claim. We think the amendment is a proper one.

Accordingly, for all of the above-stated reasons, this Court will deny defendants' motion to dismiss the complaint and grant plaintiffs leave to file their proposed amended complaint.