**INTERSTATE REALTY MANAGEMENT, INC. o/b/o DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, RECEIVER, Plaintiff**

v.

**HILDA and RICHARD AMBROSE, Defendants**

Civil No. 290/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

August 18, 1983

KENNETH R. LINDQUIST, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

LEGAL SERVICES OF THE VIRGIN ISLANDS, Christiansted, St. Croix, V.I., *for defendants*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This is an action for unpaid rent and restitution of leased premises. The matter is now before the Court on Defendants' Motions to Amend their Answer and to Take Deposition by Other Than Stenographic Means, pursuant to Federal Rules of Civil Procedure 15(a) and 30(b), respectively. For the reasons hereinafter articulated, the Motion to Amend will be DENIED, and the Motion to Take Deposition by Other Than Stenographic Means will be GRANTED.

### I. FACTS

On April 19, 1982, plaintiff filed a Complaint[1] alleging among other things that plaintiff and defendants entered into a lease[2] for Apartment No. E, Building 3 of Croixville Apartments, St. Croix. Plaintiff's Exhibit #1. It further alleges that defendants have failed to pay the rent as provided in the lease, and have failed to quit the premises despite repeated demands therefore. Plaintiff further

---

[1] The Complaint was served on defendant, Hilda Ambrose on May 19, 1982.

[2] Despite the fact that the action names both Hilda Ambrose and Richard Ambrose as defendants, the lease submitted is signed only by Defendant, Hilda Ambrose and she was the only individual served. The lease, however, names as its only tenant, Richard Ambrose.

alleges that its agent has delivered a notice of "Termination of Tenancy" (Plaintiff's Exhibit #2) to defendants pursuant to 28 V.I.C. § 790. By way of relief, plaintiff seeks recovery of the rental due, along with costs and attorneys' fees and an Order for Restitution of the premises.

Defendant, Hilda Ambrose ("Hilda"), filed her Answer on June 10, 1982, along with her First Set of Interrogatories. Depositions were scheduled by Hilda during the months of March and April, 1983 and a Request for Production of Documents was served by her in March 1983. At a hearing held on March 5, 1983, at which attorneys for both parties were present, a June 30, 1983, peremptory trial date was set. On March 23, 1983, a Second Motion to Amend the Complaint was filed, and granted on April 5, 1983.[3] On May 27, 1983, Hilda filed the instant Motion to Amend Answer. As grounds for the Motion she alleges that it would allow her to raise substantial defenses not previously raised which became apparent only after receipt of plaintiff's Response to Interrogatories on or about April 28, 1983. She further alleges that because the Motion was made thirty (30) days before trial, the granting of the same would not prejudice the plaintiff. Finally, it should be noted that in defendant's Proposed Answer there appears for the first time a two count counterclaim.[4]

---

[3] A Motion to Amend the Complaint was filed on June 29, 1982, and on July 12, 1982, the proposed amended complaint was filed. There being no opposition filed by defendant an Order was entered granting the Motion. Said Motion was necessitated by the continuing confusion by both parties as to the proper caption of the case, which was resolved after a meeting by the Court with the parties.

[4] Technically, the amendment in regard to the counterclaim should have more properly been brought pursuant to Rule 13(f) of the Federal Rules of Civil Procedure. "[I]f the pleader has failed to add his counterclaim within the time limits presented by Rule 15(a), then leave of court must be obtained and the specific standards of Rule 13(f), rather than the general provisions of Rule 15, should govern for purposes of determining whether permission will be granted to add the counterclaim. Rule 15(a) refers solely to amendments 'when justice so requires' whereas Rule 13(f) provides for amendments when the claim was omitted through 'oversight, inadvertence, or excusable neglect, or when justice so requires'". 6 C. Wright & A. Miller, Practice & Procedure: Civil § 1430 (1971 and 1983 Supp.) (footnotes omitted). Despite the variation in the wording of the two rules, the standard for granting leave to amend under both rules is generally the same. The best approach, however, has been "to construe both rules together so that Rule 13(f) supplements the general provisions of Rule 15 by setting forth a particular standard for allowing the late assertion of the omitted counterclaim". Id. at p. 160. Once the 13(f) standard is met "and leave of court to set up the omitted counterclaim by amendment has been granted, the remaining provisions of Rule 15 should be fully applied . . . ." Id.

24

## II. MOTION TO AMEND ANSWER

██ Before the Court is defendant's Motion to Amend Answer, pursuant to Fed. R. Civ. P. 15(a) to raise additional defenses. While the rules envision that leave to amend should be liberally granted, such is the case *only* when justice so requires. Gillespie v. United States, 379 U.S. 148 (1964). Generally, the controlling test as to whether an amendment should be granted or denied is whether the ends of justice will be promoted by the amendment. 6 C. Wright & A. Miller, Federal Practice & Procedure: Civ. § 1487 (1971); 6 Koeber Cyc. Fed. Proc. (3d ed. 1981). A determination of whether to grant or deny leave to amend rests solely within the trial court's discretion. Shehan v. Bd. of Trustees of Bloomsburg State College, 590 F.2d 470 (3d Cir.), cert. denied, 444 U.S. 832 (1978); Paton v. Western Elec., 420 F.Supp. 521 (D. Pa. 1976); Rauch v. United Instruments Inc., 405 F.Supp. 435 (9th D. Pa. 1975).

██ In reaching its decision in this case the Court will follow the teachings of Foman v. Davis, 371 U.S. 178 (1962). There the Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.

Id. at 182. The most important factor listed by the Court, and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleadings. 6 C. Wright & A. Miller, supra, at § 1487. See also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). The particulars of each claim must be scrutinized to ascertain whether the threat of prejudice is sufficient to deny leave to amend. Naturally, this requires a consideration of the position of *both* parties and the Court must inquire into the reasons for the moving party's failure to include the material to be added in her original pleading. 6 C. Wright & A. Miller, supra. This likewise necessitates an inquiry into the good faith of the moving party. In other words though delay alone may not be cause for denial of a motion to amend, "some courts

have held that leave may be withheld if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." Id. at p. 435.

In the instant action the Court concludes that to allow the amendment at this stage of the proceeding would cause prejudice to the non-moving party as a result of undue delay and also require added expense for additional discovery. This action was filed in April 1982. A peremptory trial date was set on June 30, 1983, at which time the defendant did *not* appear. Consequently, the matter was continued for trial on August 22, 1983, that date also being peremptory. To allow the requested amendment would cause further delay. Furthermore, both parties have engaged in somewhat lengthy and protracted discovery including depositions and interrogatories. By allowing the amendment no doubt additional discovery on the part of both parties would be required which would cause further delay *and* additional expense.

■ Finally, Counsel has not offered any legitimate or reasonable excuse for the delay nor shown the Court that the amendment was omitted due to oversight, inadvertence or excusable neglect. In the absence of any of these excuses and when, as here, in the Court's view, defendant had knowledge regarding the facts upon which the proposed amendment is based,[5] the Court is compelled to deny defendant's Motion to Amend Answer.

## III. MOTION FOR NON–STENOGRAPHIC DEPOSITION

■■ Rule 30(b)(4) of Fed. R. Civ. P. provides for a party to have testimony recorded by other than stenographic means upon court order. The order generally "must designate the manner of recording, preserving, and filing the deposition, and it may include any other provisions to assure that the recorded testimony will be accurate and trustworthy." Wright & Miller, Federal Practice and

---

[5] The Court is cognizant that defendant alleges that the need to amend the answer became apparent only after receipt of plaintiff's Response to Interrogatories on or about April 28, 1983. However, it is the Court's opinion, as a result of the prior proceedings and discovery, that defendant should have been aware of the facts upon which she bases her proposed amendment much earlier in this action. Clearly, counsel should have known about the issues relative to statutory abatement upon the filing of the Complaint, and in fact the question is partially addressed in the original answer. Furthermore, an examination of the lease would have put the defendant on notice that plaintiff was a participant in the Section 236 Subsidized Housing Program which therefore required compliance with the applicable federal regulations.

Procedure: Civil § 2115 (1970 and 82 Supp.). The basic purpose of the rule is to minimize expenses and the Motion should therefore be granted unless no alternatives exist which would guarantee the trustworthiness of the deposition.

In the instant action the court finds that allowing the deposition to be taken by a tape recorder in the manner to be prescribed would not diminish the trustworthiness or accuracy of the deposition. The court, however, in addition to the procedures outlined in defendant's Motion requires the following additional safeguards. First, the testimony must be recorded on two recorders and the opposing party shall retain the second tape. Second, the original tape, once made, shall be deposited with the court immediately after the deposition. Third, the witnesses shall read a transcript of the recording to be made by the moving party, and adopt it by signature, under oath, before the transcript may be admitted in evidence. See Colonial Times, Inc. v. Fasch, 509 F.2d 517 (D.C. Cir. 1975).

Done at Christiansted, St. Croix this 18th day of August 1983.

## ORDER

For the reasons expressed in the Memorandum Opinion filed herein on even date herewith, it is

ORDERED that defendant's Motion to Amend their Answer be, and the same hereby is, DENIED; and it is further

ORDERED that defendant's Motion to Take Deposition by Other Than Stenographic Means be, and the same hereby is, GRANTED, and it is further

ORDERED that:

1. The testimony shall be recorded on two recorders and the opposing party shall retain the second tape.
2. The original tape, once made, shall be deposited with the court immediately after the deposition.
3. The witnesses shall read a transcript of the recording to be made by the moving party, and adopt it by signature, under oath, before the transcript may be admitted in evidence.