**GLAZIERS AND GLASS WORKERS UNION LOCAL NO. 252 ANNUITY FUND, Glaziers and Glass Workers Union Local No. 252 Vacation Fund, Glaziers and Glass Workers Union Local No. 252 Health and Welfare Fund, Glaziers and Glass Workers Union Local No. 252 Apprentice Fund, Sean McGarvey, in his fiduciary capacity, and Martin Rosenberg, in his fiduciary capacity, Plaintiffs,**

v.

**JANNEY MONTGOMERY SCOTT, INC., et al., Defendants.**

Civ. A. No. 90–8101.

United States District Court, E.D. Pennsylvania.

April 21, 1994.

---

1. We need not consider other issues argued by plaintiffs as they are moot.

Ira B. Silverstein and Leslie M. Gerstein, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for plaintiffs.

Elizabeth Hoop Fay and Sara Lynn Petrosky, Morgan, Lewis & Bockius, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before this Court for disposition is a motion by Plaintiffs to amend their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. For the reasons which follow, Plaintiffs' motion to amend their complaint is denied.

### Background

The pertinent facts are as follows. Plaintiffs constitute a group of related employee benefit plans ("plans") and two fiduciaries of the plans. In December of 1983, Plaintiffs retained, as investment advisor for the plans' funds, the services of Michael W. Lloyd

("Lloyd") who was at that time a registered broker with Defendant Janney Montgomery Scott, Inc. ("Janney"). In June of 1985, Lloyd left his employment with Janney, either through termination or resignation. Plaintiffs allege that Lloyd was forced to resign or was discharged because of substantial questions regarding some controversial transactions. Plaintiffs allege that Janney failed to inform Plaintiffs of the reason for Lloyd's discharge or the fact of his discharge.

In September of 1985, after allegedly being told by Lloyd that he voluntarily left Janney, Plaintiffs transferred their accounts from Janney to a new firm established by Lloyd. Defendant Janney contends that Lloyd did in fact resign, although in the midst of suspicions of wrongdoing. Janney further contends that its customers were informed of Lloyd's resignation. Janney contends that it had no duty to inform Plaintiffs of the suspicions concerning Lloyd and that it had fulfilled its obligations to report any customer complaints or other circumstances involving Lloyd's misconduct and resignation to the National Association of Securities Dealers, Inc. ("NASD"). Plaintiffs maintain that they first learned of Lloyd's termination in mid 1990 as a result of an investigation of Lloyd by the Federal Bureau of Investigations.

Plaintiffs filed complaints in December of 1990 against Janney, Newbridge Securities, Inc. (clearing broker for Lloyd's firm), Provident National Bank (a custodian bank for the plans' funds when they were with Lloyd's firm), and, later, against the trustees and administrators of the funds. The four actions were consolidated in September 1992. The claims against Newbridge Securities, Inc. were settled and dismissed. However, the consolidated case against the remaining defendants was placed in civil suspense for six months beginning September 27, 1993, pending an investigation by the Department of Labor.

The complaint against Janney alleges that Janney had a fiduciary duty to Plaintiffs under ERISA and included within this duty was the obligation to inform Plaintiffs of the circumstances surrounding Lloyd's resignation and other customer complaints against Lloyd. Plaintiffs allege that Janney breached its fiduciary duty by failing to disclose the fact of Lloyd's termination for misconduct and seeks recovery for losses the plans endured while their funds were placed with Lloyd's investment firm. Plaintiffs' original complaint against Janney alleges a violation of ERISA, a breach of federal common law, and a breach of common law fiduciary duty.

Plaintiffs now seek to amend their complaint, which was filed over three years ago, to add a claim for common law fraud against Janney. Plaintiffs allege that, on February 4, 1992, Janney, pursuant to Plaintiffs' Request for Production of Documents, provided Plaintiffs with copies of Lloyd's personnel files. Janney further provided Plaintiffs, on February 13, 1992, with documents pertaining to Lloyd's termination which were omitted from the original documents produced. Plaintiffs allege that information retrieved from these documents have provided Plaintiffs with the additional cause of action against Janney for fraud.

### Discussion

I. *Standards Governing a Motion to Amend Pleadings*

■ Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading at any time prior to the service of a responsive pleading. Fed.R.Civ.P. 15(a). If a responsive pleading has been filed, then a party may amend a pleading only upon leave of the court or written consent of the adverse party. *Id.* In determining whether to allow a party to amend a pleading, leave should be "freely given when justice so requires," unless there is "any apparent or declared reason" to hold otherwise. *Id.; see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Gay v. Petsock,* 917 F.2d 768, 772 (3d Cir.1990). In *Foman,* the Court held that leave to amend may be properly denied if there was "undue delay, bad faith or dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment." *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. With any such "justifying reason," the District Court may exercise its discretion to deny a motion to amend. *Id.*

■ A motion to amend may not be denied on the "mere existence of delay." *Merican, Inc. v. Caterpillar Tractor Co.*, 596 F.Supp. 697, 705 (E.D.Pa.1984). The moving party's delay "must be coupled with additional considerations," including bad faith or prejudice to the non-moving party if the amendment is allowed. *Id.; see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir.1992); *Hourze v. Jones & McLaughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir.1984). In order to determine if there is undue prejudice, the court must consider, in addition to undue delay in amending the complaint, the good faith of the moving party and the needless delay such an amendment would impose on the final disposition of the case. *Cahill v. Carroll*, 695 F.Supp. 836, 838 (E.D.Pa.1988).

■ Notwithstanding the above rules, a court may deny a motion to amend if the amendment is found to be futile. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. An amendment is considered futile "if the amendment will not cure [any] deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988). *See Massarsky v. GM Corp.*, 706 F.2d 111, 125 (3d Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983). In *Jablonski*, the Third Circuit affirmed a district court's order denying the plaintiff's motion to amend the original complaint based on futility because the added claim was barred by the applicable statute of limitations. *Jablonski*, 863 F.2d at 292. In order to "avoid engaging in a futile act, the court must measure a proposed amended complaint in terms of its ability to withstand a motion to dismiss" by the non-moving party. *Rauch v. United Instruments, Inc.*, 405 F.Supp. 435, 437 (E.D.Pa.1975), *rev'd on other grounds*, 548 F.2d 452 (3d Cir.1976). Therefore, an amendment to a complaint would be futile if such amendment would not withstand a motion to dismiss against the non-moving party's objections. *Id.; Massarsky*, 706 F.2d at 125.

## II. *Plaintiffs' Proposed Amendment*

■ Plaintiffs' motion to amend their complaint proposes to add a claim for fraud against Defendant Janney. Plaintiffs allege that Janney's failure to inform Plaintiffs of Lloyd's termination constitutes fraud. The question here is whether there are any "justifying reasons," such as undue delay, bad faith, undue prejudice or futility to deny Plaintiffs' motion to amend their complaint. Although Defendant argues that the motion to amend should be denied for reasons of undue delay and undue prejudice, this Court finds that Defendant's argument of futility is most compelling.

■ Defendant argues that Plaintiffs' claim for common law fraud is barred by the statute of limitations. In Pennsylvania, common law fraud has a two-year statute of limitations. 42 Pa.C.S.A. § 5524. The statute of limitations begins to run as soon as the underlying cause of action accrues. *Pocono Intern'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). Once the cause of action has accrued and the statute of limitations for bringing the claim has expired, an injured party is barred from bringing forth the claim, unless the statute of limitations has been tolled. *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir.1991). There are two "tolling principles" which have developed in Pennsylvania courts, namely, the discovery rule and the doctrine of fraudulent concealment. *Id.* at 924–925. Under the discovery rule, the statute of limitations "begins to run as soon as the plaintiff has discovered or, exercising reasonable diligence, should have discovered the injury and its cause." *Id.* at 925. In *Bohus*, the court further added that "[e]very plaintiff has a duty to exercise "reasonable diligence" in ascertaining the existence of the injury and its cause." *Id.* If the plaintiff, despite the "exercise of reasonable diligence," is unable to discover the injury or its cause, then the statute of limitations is tolled. *Pocono Intern'l Raceway*, 503 Pa. at 84, 468 A.2d at 471.

■ The doctrine of fraudulent concealment tolls the statute of limitations where "through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from the right of inquiry." *Bohus*,

950 F.2d at 925 (quoting *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir.1985)). In order to toll the statute of limitations for concealment, there must be an affirmative and independent act of concealment that would divert or mislead the plaintiff from discovering the injury. *Bohus*, 950 F.2d at 925. In *Bohus*, the defendant-doctor gave assurances to the plaintiff-patient that the pain she was suffering after her foot surgery was normal when in fact the doctor had improperly performed the operation. *Id.* at 922–923. Further, the court stated that lack of knowledge, mistake or misunderstanding, however, do not toll the running of the statute of limitations. *Id.* (quoting *Nesbitt v. Erie Coach Co.*, 416 Pa. 89, 96, 204 A.2d 473 (1964)).

In the instant case, the alleged fraud took place in June of 1985. At that time, Plaintiffs allege that Defendant committed fraud by failing to advise Plaintiffs of Lloyd's termination. Plaintiffs contend that they learned of Lloyd's termination in mid 1990 by reason of an FBI investigation earlier that year. On December 27, 1990, Plaintiffs filed suit against Janney, along with other defendants. On February 4, 1992, Plaintiffs received Lloyd's personnel files from Janney which had been requested by Plaintiffs. Upon discovering that certain documents which concerned Lloyd's termination were not included, Plaintiffs notified Janney of the exclusion and Janney delivered the additional documents on February 13, 1992. Plaintiffs, two years and a day later, filed the present motion to amend their original complaint claiming that information which they discovered in the documents received on February 13, 1992 was sufficient to state a claim for fraud against Defendant Janney. Plaintiffs argue that the claim for fraud is not time-barred by the statute of limitations because the amendment of the complaint relates back to the date of the original complaint.

Although Plaintiffs are correct in that an amendment of a pleading may relate back to the date of the original pleading, the issue in this case is whether the fraud claim was still viable at the time Plaintiffs filed their original complaint in December of 1990. Plaintiffs claim that the alleged fraud took place

when Lloyd was allegedly terminated from his employment with Janney and Janney failed to inform Plaintiffs of the circumstances of misconduct surrounding Lloyd's departure. Therefore, the statute of limitations began to run on the alleged fraud claim in June of 1985.

On the other hand, the statute of limitations may have been tolled if there was any fraudulent act of concealment on the part of Defendant or if Plaintiffs were unable, with the exercise of due diligence, to discover the alleged fraud. However, Plaintiffs have not alleged any facts that show an affirmative and independent act of concealment by Janney that would have misled or diverted Plaintiffs from discovering the alleged fraud. The only statement which may have diverted Plaintiffs from discovering the alleged fraud was that of Lloyd in which he stated that he had voluntarily left his employment with Janney. However, Lloyd was no longer an employee of Janney at the time the statement was made nor is he even a defendant in this action. Therefore, Lloyd's statement cannot be considered an action taken by Janney.

In addition, as stated heretofore, Plaintiffs' lack of knowledge, mistake or misunderstanding does not toll the statute of limitations. Plaintiffs would have been able to ascertain the fraud by either asking Janney directly for the reasons for Lloyd's departure or by contacting the NASD. Plaintiffs' reliance on Lloyd's statement cannot be considered an exercise of reasonable diligence. Plaintiffs do not allege that they took any steps to determine the reason for Lloyd's departure from Janney. In light of the fact that due diligence would have revealed the fraud and the failure of Plaintiffs to show that Defendant fraudulently concealed the alleged fraud, the statute of limitations was not tolled and began to run as of June 1985. As a result, Plaintiffs' fraud claim was no longer viable when suit was filed on December 27, 1990 because the statute of limitations had run. Therefore, Plaintiffs' amendment of the original complaint would not withstand a motion to dismiss and is futile.

### Conclusion

For the foregoing reasons, Plaintiffs' motion to amend their original complaint under

Rule 15(a) of the Federal Rules of Civil Procedure to add a claim for fraud is denied.