PHILIP NEI & another[1] vs. BOSTON SURVEY CONSULTANTS, INC., & another.[2]

Suffolk.  September 16, 1982. — March 4, 1983.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Fraud.  Consumer Protection Act,* Availability of remedy, Unfair act or practice.  *Surveyor.*

In an action by the buyers of a residential building lot against a land surveyor, who, although employed by the sellers, had furnished the buyers with certain concededly accurate test results but had not undertaken to explain their significance to the buyers, allegations that the surveyor had failed to disclose to the buyers the existence of a seasonal stream and the fact of a high ground water table, both of which significantly increased the buyers' cost of constructing a septic system, stated neither a claim for damages in tort for fraud [322-323], nor a claim for relief under G. L. c. 93A, the Consumer Protection Act [323-325].

CIVIL ACTION commenced in the Superior Court Department on May 4, 1981.

The case was heard by *Morse,* J., on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*James A. Frieden* for the plaintiffs.

*Warren R. Bolton* for the defendants.

NOLAN, J.  The sole issue raised in this case is whether a land surveyor employed by the sellers of land is liable to the purchasers of the land either in tort for fraud or under G. L. c. 93A, the Consumer Protection Act, for failing to disclose the existence of a seasonal stream and a high water

---

[1]Eleanor Nei, the wife of Philip Nei, is the other plaintiff.

[2]Roger Corbin, the other defendant, is alleged to be an officer of Boston Survey Consultants, Inc.

table which increased the cost of constructing a septic tank. We hold that on allegations of the amended complaint there is no liability on the surveyor.

From the averments of the complaint and amended complaint[3] "as well as such inferences as may be drawn therefrom in the [plaintiffs'] favor" *(Nader* v. *Citron,* 372 Mass. 96, 98 [1977]), which we accept as true for the limited purpose of gauging whether the pleadings survive a motion to dismiss for failure to state a claim upon which relief can be granted, Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), we learn that Justin and Beatrice Burley (sellers) divided land in Carlisle for sale as house lots. The defendant, Roger Corbin, is a registered land surveyor, and an officer and principal of the defendant, Boston Survey Consultants, Inc. (Boston Survey). The sellers employed Corbin and Boston Survey to perform high water and percolation tests on the land. The tests revealed a water table so high that fill would be required before a septic system could be installed in accordance with the State Sanitary Code. Moreover, Corbin observed a seasonal stream which was not evident during the dry season, the fall, when the plaintiffs (buyers) examined the property. During the negotiations leading to the purchase, the buyers were shown a letter signed by Corbin on behalf of Boston Survey purporting to describe the results of the tests but not containing any conclusion or any interpretation of the results. Before they executed the purchase and sale agreement, the buyers met Corbin briefly on the land and he said nothing about test results or the stream.

---

[3] A motion to dismiss the complaint was allowed without prejudice to the plaintiffs' filing a motion for leave to amend. Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The motion for leave to file the amended complaint was denied. The plaintiffs appeal from the judgment of dismissal, and we allowed their application for direct appellate review. In determining the correctness of the denial of the motion for leave to file the amended complaint, we shall examine that complaint to determine whether it sets forth a claim on which relief can be granted. See *Jessie* v. *Boynton,* 372 Mass. 293, 295-296 (1977).

The buyers concede the accuracy of the test results as set forth in the letter. They press the argument, however, that Corbin and Boston Survey had a duty to them to disclose the fact of the stream and the high water and that their failure to disclose constituted both fraud and an unfair or deceptive act under G.L. c. 93A, § 2.

If the buyers can prove any set of facts in support of their claim which would entitle them to relief, they must be permitted to do so and the motion to dismiss should have been denied. See *Druker* v. *Roland Wm. Jutras Assocs.*, 370 Mass. 383, 385 (1976).

1. *Fraud.* The most serious charge which is leveled at the defendants is a failure to disclose to the plaintiffs the seasonal stream and high water table which made it necessary for them to buy fill in order to construct a septic system in compliance with the State Sanitary Code. Bare nondisclosure, however, falls short of the mark where there is no duty to speak. *Spencer* v. *Gabriel*, 328 Mass. 1, 2 (1951). The plaintiffs have called our attention to no case in which a person in the position of Corbin or Boston Survey was under a duty to speak to a prospective purchaser. There is no allegation that the defendants made any false statements or misrepresentations as there was in *Friedman* v. *Jablonski*, 371 Mass. 482, 483 (1976), a case from which the plaintiffs claim a measure of support. Moreover, on the facts here, there is no suggestion that the defendants made a partial disclosure or stated a half truth which may be tantamount, under certain conditions, to a falsehood if there is no further expatiation. *Kidney* v. *Stoddard*, 7 Met. 252, 254-255 (1843). *Kannavos* v. *Annino*, 356 Mass. 42, 49 (1969), is also a case from which the plaintiffs seek succor, but none is there because the conduct of the defendant-seller in that case went beyond mere nondisclosure and was the kind of partial representation which, without more, constituted intentional fraud. The plaintiffs' invocation of Restatement (Second) of Torts § 552 (1977) is misplaced because that section imposes liability on one who "supplies false information," and concededly the representations of

the defendants were true here. In short, the plaintiffs have not made out a case of fraud by allegations of the failure to reveal the presence of the stream and the high water table. See *Stetson* v. *French*, 321 Mass. 195, 198-199 (1947). See and compare *Nei* v. *Burley, ante* 307 (1983), decided today.

The buyers' argument that Corbin and Boston Survey are also liable for aiding the sellers to commit fraud is without merit. The buyers' case against the sellers is not part of this appeal, and the buyers cannot be permitted to ride on the sellers' fraud, if there be any, in this case against Corbin and Boston Survey. On this score alone, the case of *Nelson* v. *Nason*, 343 Mass. 220 (1961), on which the buyers rely, is distinguishable.

2. *Consumer protection.* As a second string to their bow, the buyers press an argument that failure to disclose here amounts to an unfair or deceptive act or practice as that phrase is used in the Consumer Protection Act, G.L. c. 93A, § 2. The narrow issue is whether, under these circumstances, the failure to disclose the existence of a stream or a high water table or both is an unfair or deceptive act.

The specific basis for liability on which the plaintiffs rely is found in a regulation of the Attorney General, codified as 940 Code Mass. Regs. § 3.16 (2) (1978), which makes it a violation of G.L. c. 93A, § 2, for one to fail "to disclose to a buyer or prospective buyer a fact, which may have influenced the buyer or prospective buyer not to enter into the transaction." This regulation has seen extensive service in our cases and it has been the instrument used to grant buyers the relief which they sought. See, e.g., *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 702-703 (1975), in which the court held that an automobile dealer could be found in violation of G.L. c. 93A, § 2, among other things, for failing to fulfil its promise to remedy certain defects; *York* v. *Sullivan*, 369 Mass. 157, 162 (1975), in which a landlord of a federally assisted housing development for low and middle income tenants was declared in violation of § 2 for failing to disclose to tenants at the time of signing leases the fact that an application for a rent increase had been

filed and was pending before the Department of Housing and Urban Development. In these cases and in all cases cited by the plaintiffs except one, the plaintiffs dealt directly with the defendants in some legal relationship such as landlord and tenant, or seller and buyer. In *Mongeau* v. *Boutelle*, 10 Mass. App. Ct. 246 (1980), however, the buyer of land brought an action under G.L. c. 93A against a real estate broker who, the plaintiff charged, had misinformed the plaintiff of the size of the lot and failed to disclose that the property was encumbered by a right of way. The Appeals Court held that either allegation was sufficient to withstand a motion to dismiss under Mass. R. Civ. P. 12 (b) (6). The case of *Mongeau* v. *Boutelle*, however, is distinguishable from the instant case in at least two significant respects because there the broker was the active force in inducing the plaintiff to sign the agreement to purchase and by assuring the plaintiff that it was just a standard form. He never at anytime disclosed the fact that the plaintiff was binding himself to take the land subject to all restrictions of record. This active role of the broker required him to make a full disclosure and his failure to do so was unfair and deceptive. Corbin and Boston Survey, however, played only a minor role in the purchase of the property by the plaintiffs in our case. They did not participate in the negotiations or in the signing of the purchase and sale agreement nor did they misrepresent the size of the lot.

Although we recognize that there is no requirement of privity of contract, it is somewhat significant that Corbin and Boston Survey had no contractual or business relationship with the plaintiffs. They made no misstatements to the plaintiffs or to anyone else. Their report of the tests conducted on the sellers' property was accurate. It is true that the report did not set forth the significance of the test results in relation to the cost of constructing a proper septic system on the property and that Corbin did not explain the significance of the test results when he met the plaintiffs. We decline to impose a risk of liability under G.L. c. 93A to

some prospective purchaser of land because an accurate statement of soil tests given to the owner of the property did not also contain, and was not followed by, an explanation of the significance of the test results. Corbin and Boston Survey engaged in neither an unfair nor a deceptive act.

*Judgment affirmed.*