James R. RENDLER, Jane Rendler, Thomas J. Rendler, Carolyn A. Rendler, Steven T. Rendler, Eugene R. Jones, Janet L. Jones, Larry D. Foster, Joan Foster, Raymond G. Beard, C. Mary Beard, Allen J. Schutt, Ann J. Schutt, Edward J. Walsh, Patricia G. Walsh, Gary M. Holberg, Heidi J. Holberg, Stephen C. Copps, Stephen B. Webster, Edward R. Winga, Seuk B. Kang, Young K. Lee, Edwin L. Overholt, Daniel J. Hoch, Patricia Hoch, Charlyne K. Palen, Nina Mickel, Arthur G. Barbier, Arne Frank, Eugenia R. Frank, Balaji Vishwanat, Judith P. Vishwanat, Anil K. Bouri, Manjeet K. Bouri, James T. Murphy, Margaret Akana Sword, Donald B. Comin, David Corser, Roger Roslansky, James E. Glasser, Thomas Terhorst, and Avis Suess, Plaintiffs-Co-Appellants,†

v.

Thomas MARKOS, Defendant,

Dennis RUSSELL, Defendant-Respondent,

Edward RENDLER, Defendant-Appellant,†

John R. McDONALD, LTD., a Wisconsin Professional Corporation, f/k/a Hafner, McDonald, Thompson, Russell & Ludden, S.C., Northwestern National Casualty Company, Defendants-Respondents,

HAWAIIAN MID-WEST MANAGEMENT CORPORATION d/b/a LaCrosse Apartments, Defendant,

---

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

FORUM INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 88-2095. Submitted on briefs September 11, 1989.—Decided January 18, 1990.*

(Also reported in 453 N.W.2d 202.)

For the plaintiffs-co-appellants the cause was submitted on the briefs of *Parke, O'Flaherty & Heim, Ltd.,* by *Gerard O'Flaherty,* of La Crosse, and *Bird & Jacobsen,* by *Charles Bird,* of Rochester, and *Hale, Skemp, Hanson & Skemp,* by *Thomas Horvath,* of La Crosse.

For the defendant-appellant the cause was submitted on the briefs of *LaFollette & Sinykin,* by *Linda Clifford* and *Thomas H. Taylor,* of Madison.

For the defendant-respondent Dennis Russell the cause was submitted on the briefs of *Jenswold, Studt, Hanson, Clark & Kauffmann,* by *John F. Jenswold* and *Jane F. Zimmerman,* of Madison.

For the defendant-respondent John R. McDonald the cause was submitted on the briefs of *Kluwin, Dunphy, Hinshaw, Culbertson,* by *Thomas R. Schrimpf* and *Jeffrey J. Liotta,* of Milwaukee.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   The investors in fourteen limited partnerships appeal from a summary judgment dismissing their claims for negligence, misrepresentation, and securities law violations against attorney Dennis Russell, his law firm John R. McDonald, Ltd., and their

professional liability insurance carriers. Edward Rendler appeals from the dismissal of his identical cross-claims.

The issues are whether the complaint and cross-complaint state a claim and the trial court should have allowed the complaint's amendment. We conclude that no claim is stated and the court did not abuse its discretion. Edward Rendler also appeals from dismissal of his cross-claim for contribution against the same defendants. The investors' complaint against Russell and the law firm fails to state a claim and therefore no basis exists for Rendler's cross-claim for contribution. We affirm the judgment.

The investors brought this action to recover their investments totalling $810,488 in the limited partnerships. They also seek punitive damages, but only from Russell. He represented the promoters of the limited partnerships and was a partner in the McDonald law firm when the investments were made. Edward Rendler was an agent of the promoters. Rendler was a codefendant with Russell and the law firm. Rendler is also an investor-cross-plaintiff.

## 1. INVESTORS' APPEAL

### A. *Negligence*

■

Section 802.08, Stats., governs summary judgment. Summary judgment methodology has been stated in many cases, such as *Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476–77 (1980), and need not be repeated. Our review is *de novo* and independent of the trial court's decision. *Id.*

■

The first step in the methodology is to determine if the complaint states a claim. Our concern is not whether the plaintiffs can prove the allegations but whether the

facts alleged in the complaint, accepted as true for purposes of analysis, state a claim. *Dean v. Ehrhart,* 147 Wis. 2d 174, 176–77, 432 N.W.2d 658, 659 (Ct. App. 1988).

The complaint does not allege an attorney-client relationship between the investors and the attorneys. A complaint pleading a claim against an attorney for negligence in providing legal services must allege an attorney-client relationship. *Acharya v. Carroll,* 152 Wis. 2d 330, 339, 448 N.W.2d 275, 279 (Ct. App. 1989). With one exception, the relationship must exist between the plaintiff and the attorney, not between a third party and the attorney. *Security Bank v. Klicker,* 142 Wis. 2d 289, 295, 418 N.W.2d 27, 30 (Ct. App. 1987). In *Klicker* we noted that the court in *Quintel Corp., N.V. v. Citibank, N.A.,* 589 F. Supp. 1235, 1241–42 (S.D.N.Y. 1984), declined to hold that the attorney for the general partners in a limited partnership or the limited partnership itself automatically represents each limited partner, absent some affirmative assumption of duty by the attorney. *Klicker* at 296, 418 N.W.2d at 31.

An exception to the requirement of an attorney-client relationship between plaintiff and defendant in an attorney malpractice action was created by *Auric v. Continental Cas. Co.,* 111 Wis. 2d 507, 331 N.W.2d 325 (1983). The *Auric* court held that an attorney negligently supervising the execution of a will is liable to an intended will beneficiary harmed by the negligence. The investors argue from that that the plaintiff in a malpractice case need not show that the attorney-client relationship existed between the plaintiff and the attorney when the plaintiff was the intended beneficiary of the attorney's actions. They argue that Wisconsin law has evolved away from privity requirements in negligence

suits against professionals. The most recent precedent in that evolution is *Schuster v. Altenberg,* 144 Wis. 2d 223, 424 N.W.2d 159 (1988). The *Schuster* court extended a psychiatrist's liability to a nonpatient harmed by a patient whom the psychiatrist had negligently treated.

If the evolutionary trend exists, our supreme court should decide whether it increases the liability of attorneys to nonclients. In *Green Springs Farms v. Kersten,* 136 Wis. 2d 304, 326, 401 N.W.2d 816, 825 (1987), that court declined to extend the liability of attorneys for negligence to nonclients other than will beneficiaries. The court of appeals is primarily an error-correcting court. *State v. Schumacher,* 144 Wis. 2d 388, 407, 424 N.W.2d 672, 679 (1988). We take our cues for trends in the law from the supreme court. When that court has declined to extend the liability of attorneys to nonclients other than will beneficiaries, the court of appeals ought not attempt to do so.[2]

We conclude that the investors' complaint and Rendler's cross-complaint fail to state a claim for negligence.

B. *Misrepresentation*

The investors argue that the complaint states a misrepresentation claim. No portion of the complaint is so labeled. The complaint does, however, allege that Russell and McDonald "materially aided and contributed to the publication of . . . a prospectus." The preceding paragraph alleged that one of the promoters had prepared

[2]The investors concede that they do not assert the right of limited partnerships to bring a negligence action against Russell and the McDonald law firm. For that reason, the ability of the investors to bring a derivative action on behalf of the limited partnerships is not before us.

prospectuses that were "false, misleading, and deceptive."

■

The trial court ruled that the complaint did not plead fraud with the specificity required by sec. 802.03(2), Stats., which provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." We agree that the complaint is deficient in this regard.

Section 802.03(2), Stats., is identical to Fed. R. Civ. P. 9(b). That rule "requires specification of the time, place, and content of an alleged false representation." *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 288 (1st Cir. 1987) (quoting *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 [1st Cir. 1980]). One purpose of the particularity requirement is to put defendants on notice so that they may prepare meaningful responses to the claim. *Id.* at 289.

The complaint here, with one exception, fails to set forth the content of any allegedly false representation. The complaint directs Russell and McDonald to an entire prospectus. It fails to identify which statements in the prospectus were false or in what regard they were false.

■

General averments that a securities document is false are insufficient to state a claim for fraud under Fed. R. Civ. P. 9(b). *See, e.g., Alfaro v. E.F. Hutton & Co., Inc.*, 606 F. Supp. 1100, 1109 (E.D. Pa. 1985) (private placement memorandum); *Rotstein v. Reynolds & Co.*, 359 F. Supp. 109, 114 (N.D. Ill. 1973) (information sheet on company); *Washburn v. Madison Square Garden Corporation*, 340 F. Supp. 504, 507 (S.D.N.Y. 1972)

(annual statement). We perceive no reason to interpret sec. 802.03(2), Stats., differently.

The only specific representation pleaded is that Russell and the law firm advised the promoters that the limited partnership interests could be offered for sale without registration under the state securities law. A complaint pleading negligent or intentional misrepresentation must allege that the defendant misrepresented a fact to the plaintiff or to a third person with intent that it would be communicated to or influence the plaintiff. *Puffer v. Welch,* 144 Wis. 506, 512, 129 N.W. 525, 527 (1911).[3] We need not decide whether the advice is a representation of fact. The complaint does not allege that Russell or McDonald so advised the investors or intended or had reason to expect that the advice to the promoters would be communicated to or influence the investors.

We conclude that the investors fail to state a claim for negligent or intentional misrepresentation.

## C. *State Securities Law Violations*

The complaint alleges that Russell and the McDonald firm, as attorneys and agents for the promoters, materially aided in the creation of a false and misleading prospectus, incorrectly advised the promoters on the need for registration of the limited partnership interests, and drew up documents used by promoters to sell the

---

[3] *See also Restatement (Second) of Torts* sec. 531 (1976):

One who makes a fraudulent misrepresentation is subject to liability to the persons or class of persons whom he intends or has reason to expect to act or to refrain from action in reliance upon the misrepresentation, for pecuniary loss suffered by them through their justifiable reliance in the type of transaction in which he intends or has reason to expect their conduct to be influenced.

limited partnership interests. It is undisputed that the limited partnership interests sold to the investors were securities within the meaning of sec. 551.02(13)(a), Stats.

Chapter 551, Stats., is the Wisconsin version of the 1956 Uniform Securities Act. 7B U.L.A. 510 (1985). Section 551.59(1), (2) and (3) generally makes persons civilly liable for selling or buying securities in violation of the Wisconsin securities law or for wilfully participating in any act or transaction involving market manipulation. Section 551.59(4) provides in relevant part:

> Every person who directly or indirectly controls a person liable [for such securities law violations], every partner, principal executive officer or director of such person, every person occupying a similar status or performing similar functions, *every employe of such person who materially aids in the act or transaction constituting the violation, and every broker-dealer or agent who materially aids in the act or transaction constituting the violation,* are also liable jointly and severally with and to the same extent as such person, unless the person liable hereunder proves that he or she did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist. [Emphasis added.]

The Wisconsin statute is modeled on 1956 Unif. Sec. Act sec. 410(b), 7B U.L.A. 643 (1985).

██ The investors argue that Russell and the McDonald firm must be deemed to have been employees or agents of the promoters within the meaning of sec. 551.59(4), Stats. We disagree. As to the employee argument, the complaint simply alleges that the promoters were represented by Russell and the McDonald law firm, not that

the promoters paid a salary to Russell or any member of the firm. The complaint fails to allege that Russell or any member of the firm was an employee of the promoters.

As to the agency status, the investors properly note that the attorney-client relationship is generally one of agency. However, sec. 551.02(2), Stats., defines "agent" for purposes of ch. 551 as:

> any individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect transactions in securities. A partner, officer or director of a broker-dealer or issuer, or a person occupying a similar status or performing similar functions, is an agent if he or she is within this definition . . ..

The definition of "agent" in sec. 551.02(2), Stats., does not include attorneys who merely render legal advice or draft documents for use in securities transactions. The definition covers persons who assist directly in offering securities for sale, soliciting offers to buy, or performing the sale, but who do not fit the definition of broker-dealer. It is not intended to cover professionals such as attorneys engaging in their traditional advisory functions. This is shown by sec. 551.31(1) which provides: "It is unlawful for any person to *transact business* in this state *as a broker-dealer or agent* unless so licensed under this chapter." (Emphasis added.) No part of ch. 551 requires attorneys who merely advise to be licensed before providing that advice. Nor do the regulations of the Commissioner of Securities. Wis. Adm. Code, ch. SEC 4.[4]

---

[4]The only case in point which we have found decided under the 1956 Uniform Securities Act, *Baker, Watts & Co. v. Miles & Stockbridge,* 690 F. Supp. 431, 436 (D. Md. 1988), reached our

The complaint does allege that Russell and McDonald "directly . . . participated in offers, offers for sale and sales of the securities." However, neither the investors nor Rendler argue that Russell or McDonald offered or sold the securities. The investors argue merely that:

> Russell materially aided [the promoters] in a violation of Wisconsin law by failing to give them correct advice about the law; by withholding information about [the promoters'] fraudulent and unlawful acts from the limited partners; by preparing a private placement memorandum, advertising, which he knew would be used by [the promoters] to solicit investors in [the limited partnerships]; and by failing to withdraw from further representation of [the promoters] when he realized that they disregarded his legal advice, creating a conflict of interest between the general partners and the limited partnerships.

We therefore read the complaint as not alleging that Russell or McDonald offered or sold limited partnership interests. Only that, not the provision of legal services, leads to attorney liability as an agent under sec. 551.59(4), Stats.

We conclude that the complaint and cross-complaint fail to state a claim against the defendants under sec. 551.59(4), Stats.

conclusion for the same reasons under Maryland law. Both Maryland and Wisconsin have retained the original language and structure of the uniform act with respect to the liability of agents. The Fourth Circuit of the United States Court of Appeals reversed, on grounds that the district court should not have decided an unsettled question of state law. 876 F.2d 1101, 1109 (4th Cir. 1989).

## D. *Amendment of Complaint*

The investors, excepting cross-plaintiff Rendler, argue that after dismissing their claims the trial court should have allowed them to amend their complaint. The court refused to do so because five years had passed since the complaint had been filed and it had already been amended four times. The court said it would be unfair to the defendants to allow another amendment after summary judgment had been granted.

Section 802.09(1), Stats., allows a party to amend a pleading once as a matter of course within six months after the pleading is filed. Whether to permit the later amendment of a pleading is discretionary with the trial court. *Employees Local 1901 v. Brown County,* 146 Wis. 2d 728, 737, 432 N.W.2d 571, 575 (1988).

We will overturn a trial court's discretionary decision only if it abused its discretion. A court acts within its discretion when it relies upon facts of record and applicable law and articulates a reasonable rationale justifying its decision. *In re Marriage of Krebs v. Krebs,* 148 Wis. 2d 51, 55, 435 N.W.2d 240, 242 (1989).

We conclude that the court's exercise of discretion meets that test. The investors have had their chance. Four amendments in five years are enough.

### 2. RENDLER'S CROSS-COMPLAINT

The investors' complaint against Rendler alleges that he assisted in the sales and that he is jointly and severally liable with Russell and the law firm. Rendler cross-complained against Russell and the law firm for contribution. A prerequisite to a contribution claim is

433

that the parties to it have a common liability to the same person. *Fidelity & Deposit Co. v. Verzal,* 121 Wis. 2d 517, 524, 361 N.W.2d 290, 293 (Ct. App. 1984). Because we conclude that the investors' complaint fails to state a claim against Russell and the law firm, that prerequisite is not established.

*By the Court.*—Judgment affirmed.