Elyse S. KLEIN, et al.

v.

William Ballantine BOYD, III, et al.

No. 95–5410.

United States District Court,
E.D. Pennsylvania.

July 17, 1996.

Bruce S. Marks, Spector Gadon & Rosen, P.C., Philadelphia, PA, for Elyse S. Klein, Richard Kastner, Doris Kastner and Warren Kastner.

William Ballantine Boyd, III, Marlton, NJ, pro se.

John P. Lavelle, Jr., Hangley, Aronchick, Segal and Pudlin, Philadelphia, PA, for William Disston Coleman.

Jeffrey B. Albert, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for Thomas H. Tarantino.

Hugh J. Bracken, Media, PA, for Gregory Jamgochian.

Jon A. Baughman, Pepper, Hamilton & Scheetz, Philadelphia, PA, for Drinker, Biddle & Reath.

John A. Lord, Hepburn, Willcox, Hamilton and Putnam, Philadelphia, PA, for Edward J. Kaier.

## MEMORANDUM AND ORDER

YOHN, District Judge.

Before the court are plaintiffs' motion to amend their first amended complaint, their motion to substitute the second amended complaint with a revised second amended complaint, and the various responses and replies generated by those motions. Plaintiffs seek to amend their first amended complaint to include a claim against all of the defendants under § 17 of the 1933 Securities Act, the Pennsylvania and Massachusetts Se-

curities Acts, and the Pennsylvania and Massachusetts consumer protection laws.

■ Leave to file an amended complaint is to be "freely given." Fed.R.Civ.P. 15(a). When, however, the proposed amendments would not withstand a motion to dismiss, the court should decline to allow the amendments. *See, e.g., Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 292 (3d Cir.1988) (affirming the trial court's denial of a motion to amend because the amendment would be futile because it would not survive a motion to dismiss); *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.) (same), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983); *Glaziers and Glass Workers Union Local No. 252 Annuity Fund v. Janney Montgomery Scott, Inc.,* 155 F.R.D. 97 (E.D.Pa.1994) (same).

■ Under the standard for evaluating a motion to dismiss, the court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable" to the plaintiffs. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994) (citing *Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989)). The standard is not met unless it appears beyond doubt that plaintiffs can prove no set of facts in support of his proposed claims which would entitle them to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Jordan,* 20 F.3d at 1261; *Robb v. Philadelphia,* 733 F.2d 286, 290 (3d Cir.1984). A motion to amend the complaint may be denied, then, when the facts pled and the reasonable inferences therefrom are legally insufficient to support the amended claims and the relief sought. *Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir. 1988).

For the reasons that follow, the court will deny plaintiffs' motions in part and grant them in part, finding that, as to all plaintiffs a § 17 claim would not survive a motion to dismiss, and as to defendant Drinker Biddle & Reath none of the proposed state law claims would survive a motion to dismiss.

## I. *Section 17 of the Securities Act: All Defendants*

■ First, plaintiffs urge this court to find an implied private right of action under § 17 of the Securities Act of 1933. Although the Supreme Court has not yet found that there is no such implied cause of action, the great majority of courts of appeals have so held. *See, e.g., Finkel v. Stratton Corp.,* 962 F.2d 169, 175 (2d Cir.1992) (citing supporting decisions by the Fourth, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits in finding that § 17(a) does not support an implied private right of action); *see also Berk v. Ascott Inv., Corp.,* 759 F.Supp. 245, 250–51 (E.D.Pa.1991) (noting that most district courts within the Third Circuit have declined to recognize an implied right of action under § 17(a)). In light of the weight of persuasive authority counselling against recognition of a private right of action, and the dearth of authority supporting plaintiffs' contrary position, this court finds that plaintiffs' claims under this section would not survive a motion to dismiss. Plaintiffs therefore will not be permitted to amend their complaint to assert such a cause of action.

## II. *State Statutory Claims: Coleman*

■ Defendant Coleman suggests that plaintiffs' claims against him under the Pennsylvania statutes must be dismissed because both require a showing of privity between the plaintiff and defendant. The court's memorandum and order of May 5, 1996 disposed of this objection for purposes of the Pennsylvania Securities Act. Therein, the court noted that the complaint alleged Coleman actually and actively "sold" securities to plaintiffs and that such allegations established the kind of buyer-seller relationship the Pennsylvania Act targeted. For the same reasons, with regard to Pennsylvania's consumer protection law ("CPL"), the court also now finds Coleman's opposition meritless. Any lack of technical privity—due to the fact that Coleman did not own the securities he sold—is not fatal to their claims; Coleman sold the securities to plaintiffs and the CPL targets the buyer-seller relationship. *See, e.g., Valley Forge Towers South Condo. v. Ron–Ike Foam Insulators,* 574

A.2d 641, 645 (Pa.Super.1990), *aff'd without opinion*, 529 Pa. 512, 605 A.2d 798 (1992).[1]

## III. State Statutory Claims: Drinker Biddle & Reath

### A. Pennsylvania and Massachusetts Securities Acts

■ Defendant Drinker Biddle & Reath adds its objection that the plaintiffs should not be allowed to amend their complaint to include claims under the Pennsylvania Securities Act and the CPL against it because the absence of privity between it and the plaintiffs renders those claims deficient as a matter of law. Drinker Biddle & Reath did not sell any securities to anyone. Although, as discussed above in connection with defendant Coleman, Pennsylvania law does not required strict, technical privity in the context of violations of the Pennsylvania Securities Act, the defendant must in some sense be a seller of the securities. 70 Pa.S. § 1–501(a). Plaintiffs' complaint states only that Drinker Biddle & Reath prepared and executed disclosure documents. Nothing in the complaint supports an inference that Drinker Biddle & Reath sold anything to the plaintiffs.

■ Plaintiffs point to 70 Pa.S. § 1–503 and claim that it extends liability to Drinker Biddle & Reath through the phrase "every broker dealer or other *agent* who materially aids in the act or transaction constituting the violation, are also jointly and severally liable." However, as several other courts have noted:

> It appears that [§ 503] only establishes a cause of action in favor of a party who has been held liable to a private party under section 501. Support for the position that section 503 does not provide for a cause of action against an aider and abettor is

found in several cases. First, in [*Biggans v. Bache Halsey Stuart Shields, Inc.*, 638 F.2d 605 (3d Cir.1980)], Judge Sloviter noted that the sole source of civil liability for any acts in violation of section 401 is found in section 501. 638 F.2d at 609.... In *Sharp v. Coopers & Lybrand*, 649 F.2d 175, 191–92 (3d Cir.1981), the court again held that the Pennsylvania Securities Act grants a private remedy to a buyer only against his seller.

*In re Phar–Mor, Inc. Secs. Litig.*, 892 F.Supp. 676, 688 (W.D.Pa.1995) (quoting *Penturelli v. Spector Cohen Gadon & Rosen*, 640 F.Supp. 868 (E.D.Pa.1986); *Schor v. Hope*, 1992 WL 22189 (E.D.Pa. Feb. 4, 1992).[2]

The court is persuaded by the reasoning in *Phar–Mor*, *Penturelli*, and *Schor*. To the extent the complaint may be amended, it cannot include a Pennsylvania Securities Act claim against Drinker Biddle & Reath.

■ The Massachusetts securities law generally mirrors that of Pennsylvania. Like the Pennsylvania law, the civil liabilities section of the Massachusetts act imposes liability on those who offer or sell the securities. As noted above, plaintiffs nowhere allege that Drinker Biddle & Reath in any sense sold the securities to them. In one of their reply briefs, plaintiffs indicate that they rely on the following section of the Massachusetts statute:

> Every person who directly or indirectly controls a seller liable under section (a), every partner, officer, or director of such a seller, ever person occupying a similar status or performing similar functions, every employee of such a seller who materially aids in the sale, and every *broker-dealer or*

1. As to the proposed Massachusetts state statutory claims, Defendant Coleman has raised no objection. The court makes no judgment as to the possibility of his liability under those laws.

2. Plaintiffs refer to *Brennan v. Reed, Smith, Shaw & McClay*, 304 Pa.Super. 399, 450 A.2d 740 (1982) as support for their claims against a law firm's activities for a seller of securities. The Third Circuit, however, limited *Brennan*'s effect in this context:

> In [*Brennan*], the Pennsylvania Superior Court suggested that a non-seller attorney, acting as

> an aider and abettor, may be subject to a cause of action under section 503 of the Pennsylvania Blue Sky law, as opposed to *Biggans*, where our court relied on section 501. We find *Brennan* inapplicable because section 503 affects joint and several liability, contribution, and indemnification—doctrines not at issue here. Further, the relevant language [of *Brennan*] was contained in dicta that had no binding authority.

*Gruber v. Price Waterhouse*, 911 F.2d 960, 967 (3d Cir.1990).

*agent who materially aids in the sale are also liable jointly and severally with and to the same extent as the seller....* Mass.Gen.L. ch. 110A, § 410(b). Section 401(b) of the Act defines an agent as "any individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect purchases or sales of securities." Unlike those courts construing similar language in the Pennsylvania statute, courts interpreting the Massachusetts statute have not concluded that there is no separate private cause of action under this subsection.

No court has, however, determined whether these provisions of the Massachusetts act encompass a law firm's preparation and execution of disclosure documents. Most courts construing similar language in other state statutes, have determined that a lawyer or law firm performing such functions does not act as an agent who materially aids in the sale of securities for purposes of imposing liability under the state securities act. For instance, in *Ackerman v. Schwartz*, 733 F.Supp. 1231 (N.D.Ind.1989), *aff'd in part and rev'd in part on other grounds*, 947 F.2d 841 (7th Cir.1991), the court considered the liability of an attorney who had prepared a tax opinion letter on a leasing program. About one hundred purchasers of the program sued the attorney and his law firm. The court determined that the attorney did not fall within the meaning of "effects or attempts to effect purchases and sales of the securities," reasoning that "[n]o evidence suggests that [the attorney] or his firm personally and actively employed the opinion letter to solicit investors.... Liability under the Indiana Securities Act requires something more than the drafting of an opinion letter." *Id.* at 1252; *see also Excalibur Oil, Inc. v. Sullivan*, 616 F.Supp. 458, 467 (N.D.Ill.1985) (construing West Virginia statute to include as agent "who represents a broker-dealer or issuer effecting or attempting to effect purchases or sales of securities" an attorney who engaged in "face to face and direct telephonic representations to [plaintiff] at the special request of [the seller]"); *Johnson v. Colip*, 658 N.E.2d 575, 578 (Ind.1995) (reviewing cases and concluding that Indiana Securities Act does not impose liability on

attorneys who merely prepare documents and render legal advice to client); *Baker v. Miles and Stockbridge*, 620 A.2d 356, 368 (Md.App.Ct.1993) ("[To be an agent, an attorney must] act in a manner that goes beyond legal representation. The definition of 'agent' ... does not include attorneys who merely provide legal services, draft documents for use in the purchase or sale of securities, or engage in their professional advisory functions. To rise to the level of 'effecting' the purchase or sale of securities, the attorney must actively assist in offering securities for sale, solicit offers to buy, or actually perform the sale."); *Rendler v. Markos*, 453 N.W.2d 202, 206 (Wis.Ct.App.1990) ("The definition of agent ... does not include attorneys who merely render legal advice or draft documents for use in securities transactions. The definition covers persons who assist directly in offering securities for sale, soliciting offers to buy, or performing the sale, but do not fit the definition of broker-dealer. It is not intended to cover professionals such as attorneys engaging in their traditional advisory functions.").

Here, again, plaintiffs' complaint states that Drinker Biddle & Reath prepared the documentation for and provided legal advice to Mercer and the other defendants. Neither plaintiffs' first amended complaint, nor the motions including the proposed amendments, contain any allegations that Drinker Biddle & Reath acted as an agent of Mercer who effected the sale of securities or otherwise actively or directly participated in the sale of the securities. Plaintiffs allege no direct communications between them and Drinker Biddle & Reath or any other conduct through which the law firm could be said to have effected or attempted to effect the sale of securities to plaintiffs. In the absence of such allegations, plaintiffs allege no claim against Drinker Biddle & Reath under the Massachusetts Securities Act.

## B. *Pennsylvania and Massachusetts Consumer Protection Laws*

■ The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL") does not support a cause of action against Drinker Biddle & Reath. Pennsylvania and

federal courts interpret the CPL to require the allegation that the parties stand in some buyer-seller relation, though strict contractual privity is not required. *See, e.g., Brownell v. State Farm Mutual Ins. Co.,* 757 F.Supp. 526, 533 (E.D.Pa.1991). The *Brownell* court, citing a Pennsylvania Supreme Court decision, noted:

> [T]he CPL was designed to protect consumers from a number of unfair trade practices listed in the statute. This protection is aimed at commercial transactions between consumers and sellers, or those in the chain of supply who affirmatively mislead purchasers whose reliance was reasonable and specifically foreseeable.... The Pennsylvania Supreme Court has stated:
>
> > The Consumer Protection Law was designed to equalize the market position and strength of the consumer vis-a-vis the seller. A perception of market unfairness led the Legislature to regulate more closely market transactions. The mischief to be remedied was the use of unfair or deceptive acts and practices by sellers.
>
> .... Plaintiff's amended complaint alleges no privity at all and no commercial relationship between plaintiff and Worldwide [one defendant]. Plaintiff purchased her insurance policy from [the other defendant] ... Worldwide was not "in any trade or commercial relationship with plaintiff sufficient to render it liable to her under the CPL."

*Id.* at 533 (citations omitted). Those cases in which the absence of a direct buyer-seller relationship has been excused involve an intermediary who purchased the sellers' product and then resold it to or installed it for the plaintiff-buyer. *See, e.g., Valley Forge Towers Condominium v. Ron–Ike Foam Insulators, Inc.,* 574 A.2d 641 (Pa.Super.Ct.1990), *aff'd without opinion,* 529 Pa. 512, 605 A.2d 798 (1992). Here, Drinker Biddle & Reath was not the seller of the securities or the originator of the product for sale. No cause of action lies against it under the CPL.

■■■ Under the Massachusetts analog to Pennsylvania's CPL, plaintiffs' proposed amendments likewise fail to state a claim against Drinker Biddle & Reath. In *Standard Register Co v. Bolton–Emerson, Inc.,* 38 Mass.App.Ct. 545, 649 N.E.2d 791 (1995), a Massachusetts state appellate court noted that the law does not require privity in the context of a fraud-based consumer protection violation, "so long as the parties are engaged in more than a minor or insignificant business relationship." *Id.* 649 N.E.2d at 795. In another case interpreting the nature of the requisite "business relationship," a court found that a real estate purchaser had no consumer protection claim against the seller's retained surveyor for failing to disclose the existence of a seasonal stream on the purchased property. *Nei v. Boston Survey Consultants, Inc.,* 388 Mass. 320, 446 N.E.2d 681 (1983). Central to the analysis was the absence of any contractual or business relationship between the parties. *Id.* at 683; *cf. Chestnut Hill Development Corp. v. Otis Elevator Co.,* 653 F.Supp. 927, 933 (D.Mass. 1987) ("active three-way negotiation" between purchaser, contractor and subcontractor, supported possible consumer protection law liability of subcontractor to purchaser); *Jurgens v. Abraham,* 616 F.Supp. 1381 (D.Mass.1985) (plaintiff states a consumer protection claim against attorneys who directly communicated with, and marketed and sold to plaintiffs on behalf of company). Massachusetts' consumer protection law does not allow plaintiffs to raise claims against third parties with whom they allege no business or contractual relationship.

*Conclusion*

For the above reasons, plaintiffs' motions to amend their first amended complaint and to substitute the second amended complaint with a revised amended complaint will be granted in part and denied in part. An appropriate order follows.

AND NOW, this 17th day of July 1996, upon consideration of plaintiffs' motion to amend first amended complaint, plaintiffs' motion to substitute the second amended complaint with a revised second amended complaint, and the responses and replies thereto, IT IS HEREBY ORDERED that plaintiffs' motions are GRANTED IN PART AND DENIED IN PART. Specifically,

plaintiffs' motions are DENIED insofar as they seek to add a count for "violation of section 17 of the federal securities law" as against all defendants, and counts for "breach of the Pennsylvania Securities Act" and "breach of the Pennsylvania Unfair Trade Practices and Consumer Protection Law" as against Defendant Drinker Biddle & Reath. Plaintiffs' motions are otherwise GRANTED and plaintiffs may file a second amended complaint, so long as it is filed within ten days of the date hereof.