Joel J. Lorraine, Plaintiff,
Wisconsin Physicians Service Insurance Corporation, Intervenor,
v.
Adolph Wypiszinski and XYZ Insurance Company, Defendants,
State Farm Insurance, Defendant-Appellant,
Town of West Kewaunee and Kewaunee County, Defendants-Respondents.
No. 03-3109.
Court of Appeals of Wisconsin.
Opinion Filed: July 27, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
State Farm Insurance appeals orders of the circuit court dismissing its cross-claims for contribution against the Town of West Kewaunee and Kewaunee County for failure to comply with the notice requirements in WIS. STAT. § 893.80.[1] We conclude that this case is controlled by Dixson v. Wisconsin Health Org. Ins. Corp., 2000 WI 95, 237 Wis. 2d 149, 612 N.W.2d 721, which held that § 893.80 is inapplicable to claims for contribution. We therefore reverse the orders and remand the case for further proceedings consistent with this opinion.

Background 
¶2 On September 9, 1999, in the Town of West Kewaunee, Adolph Wypiszinski allegedly failed to stop for a stop sign, colliding with a vehicle driven by Joel Lorraine. Adolph was killed; his wife and passenger, Mary, was injured; and Lorraine was injured. Mary, through her estate,[2] made a claim against Adolph's insurer, State Farm, for her injuries. On May 21, 2001, State Farm settled with Mary's estate for $200,000.
¶3 On January 15, 2002, Lorraine sued State Farm, the Town, and the County. He alleged that the Town and the County were negligent for failing to maintain the roadway, allowing the stop sign to be obstructed by tree branches. State Farm answered and cross-claimed against the Town and the County, seeking contribution for Lorraine's claim. Shortly thereafter, State Farm filed an amended complaint, adding a cross-claim for contribution based on the settlement with Mary's estate. Lorraine ultimately settled, and no issues remain relative to his suit. The only remaining claim is State Farm's cross-claim against the Town and the County for contribution to the settlement with Mary's estate.
¶4 The Town filed a motion to dismiss the cross-claim based on State Farm's failure to comply with WIS. STAT. § 893.80, the notice statute for claims against governmental bodies. The County filed a similar motion.
¶5 The court, in its written decision, noted that Dixson held WIS. STAT. § 893.80 does not apply to contribution claims[3] because they are contingent. Dixson, 237 Wis. 2d 149, ¶12. However, the court determined the claim for contribution was no longer contingent once State Farm paid Mary's estate and at that point, State Farm had to comply with the notice statute. Because it was undisputed that State Farm had not complied with the specific notice requirements in the statute, the court granted both motions. State Farm appeals.

Discussion 
¶6 The essential facts are undisputed. The only real dispute is the application of WIS. STAT. § 893.80 to those facts. Application of a statute to a set of facts is a question of law. World Wide Prosthetic Supply, Inc. v. Mikulsky, 2002 WI 26, ¶8, 251 Wis. 2d 45, 640 N.W.2d 764.
¶7 WISCONSIN STAT. § 893.80 states, in relevant part:
(1) Except as provided in subs. (1g), (1m), (1p) and (8), no action may be brought or maintained against any . . . governmental subdivision . . . upon a claim or cause of action unless:
(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . governmental subdivision ...; and
(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the... subdivision or agency and the claim is disallowed. State Farm argues that Dixson, which holds WIS. STAT. § 893.80 is inapplicable to contribution claims, applies here.[4] We agree.
¶8 In Dixson, a girl and her mother sued their landlord for the girl's injuries, allegedly sustained by ingesting lead paint chips from the house. Dixson, 237 Wis. 2d 149, ¶1. The landlord impleaded the City of Milwaukee because the Dixsons participated in a subsidized housing program. Id., ¶¶1-2. The landlord claimed the City had a duty to inspect homes in the program for lead and she therefore sought contribution on the Dixsons' tort claim. Id., ¶2.
¶9 The supreme court considered whether the landlord had to comply with WIS. STAT. § 893.80 before bringing her claim against Milwaukee. It concluded she did not because "a claim for contribution is a contingent claim not subject to the 120-day notice of claim requirement in the statute." Id., ¶12. The underlying justification for this holding is that "the event giving rise to the contingent claim ... typically occurs long after the event giving rise to the underlying claim." Id., ¶15. As such, it becomes impractical to apply the 120-day notice requirement to contribution claims. See id., ¶16.
¶10 The Town and the County rely on a portion of Dixson that refers to "a contingent claim such as one for contribution" and "contingent claims for contribution" to argue that, by implication, there can be non-contingent claims for contribution where WIS. STAT. § 893.80(1)(a) would apply. However, that portion of Dixson distinguishes two other cases, one involving an action for injunctive relief and one involving an action for declaratory judgmentneither of which is a contingent type of claim. Dixson, 237 Wis. 2d 149, ¶19. The paragraph was not intended to nor did it create two types of contribution claims. Indeed, Dixson specifically says "a claim for contribution is a contingent claim," id., ¶12 (emphasis added); and contribution "is a contingent claim that becomes an enforceable right only when one joint tortfeasor pays more than his or her proportionate share." Id., ¶14 (emphasis added). Thus, the question is only one of ripeness, not degrees of contingency.[5]
¶11 Because WIS. STAT. § 893.80 does not apply to claims for contribution,[6] State Farm's claims against the Town and the County should not have been dismissed for noncompliance with that statute. The order is reversed and the cause is remanded for further proceedings consistent with this opinion.
By the Court.  Orders reversed and cause remanded.
NOTES
[1] All references to the Wisconsin Statutes are to the 1999-2000 version unless otherwise noted.
[2] The briefs do not give details, but Mary's death is apparently unrelated to the accident.
[3] The Town and the County contend that State Farm's claim is actually one for subrogation, not contribution. One argument they make is that State Farm's subrogation right is derived from the insurance contract. However, an insurance contract defines the relationship between the insurer and the insured as the parties to the contract, not the insurer and a injured party not privy to the contract. The Town and the County provide no language from the contract to suggest some other arrangement and they have not offered proof that Mary was insured under Adolph's policy.

The Town and the County also make an argument for equitable subrogation under the theory that someone who pays a claim that, in equity, should have been paid by another can seek to recover the payment from the party primarily liable. General Acc. Ins. Co. v. Schoendorf & Sorgi, 202 Wis. 2d 98, 107, 549 N.W.2d 429 (1996). However, "[t]he one asserting the right to subrogation cannot profit from his own wrong; he must, himself, be without fault." See 73 AM. JUR. 2D Subrogation § 16 (2001). In contrast, common liability to the same party is a prerequisite to a contribution claim. See Rendler v. Markos, 154 Wis. 2d 420, 433-34, 453 N.W.2d 202 (Ct. App. 1990). State Farm's claims against the Town and the County are premised on joint liability to Mary; therefore, the claim is for contribution. In other words, State Farm is not seeking to "step into the shoes" of Mary's estate. Rather, it made a payment on behalf of joint tortfeasors and now seeks contribution from those other alleged tortfeasors.
[4] Alternatively, State Farm argues its claim remains contingent until liability is apportioned among all of the joint tortfeasors and it therefore takes issue with the circuit court's determination that its claim was no longer contingent once it paid Mary's estate. The Town and the County argue that State Farm is raising this argument for the first time on appeal and should be precluded from doing so. See Schonscheck v. Paccar, Inc., 2003 WI App 79, ¶10, 261 Wis. 2d 769, 661 N.W.2d 476. We disagree. The record demonstrates this argument and issue were sufficiently addressed in the circuit court. In any event, because of our ultimate holding, we need not address State Farm's alternative argument.
[5] In this case, the Town, the County, and the circuit court believe that State Farm's payment to Mary's estate gave rise to a new cause of action, triggering the notice requirements of WIS. STAT. § 893.80. It is true that the claim for contribution fully ripens once one joint tortfeasor pays more than his or her proportionate share of the damages. See State Farm Mut. Auto. Ins. Co. v. Schara, 56 Wis. 2d 262, 266, 201 N.W.2d 758 (1972). "The cause of action for contribution, nevertheless, has its roots in the underlying incident that gave rise to personal injury." Id. at 265 (emphasis added). Without an underlying event and claim, there can never be a contribution claim and, therefore, the "event giving rise to the claim" to which WIS. STAT. § 893.80(1)(a) refers is only the underlying tort and not, as here, State Farm's payment to Mary's estate.
[6] Under WIS. STAT. § 893.80(1)(a), the claimant must file timely notice, and under § 893.80(1)(b), it must file an itemized statement of relief sought. The circuit court concluded State Farm also failed to comply with § 893.80(1)(b) because its notice of claim did not specify a dollar amount. State Farm argues the Town and the County had actual notice of the claim because of letters it sent stating it would be seeking contribution. It claims, however, it could not specify a dollar amount because it would not know the dollar amount until a finding of comparative negligence.

We conclude that under Dixson, notice under WIS. STAT. § 893.80(1)(b) is also not required in a contribution claim. Dixson states § 893.80 does not apply. Dixson v. Wisconsin Health Org. Ins. Corp., 2000 WI 95, ¶12, 237 Wis. 2d 149, 612 N.W.2d 721. It does not differentiate between paragraphs (a) and (b). Moreover, notice under § 893.80(1)(b) is required in addition to notice under § 893.80(1)(a). If we do not require notice under one of the two prongs, it is illogical to require notice under the other. Finally, it would seem that Dixson's rationale, based on the inchoate nature of contribution claims, is equally applicable to the type of relief generally sought in a contribution claima money judgment awarded based on the proportion of wrongdoing.